IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-03689-CNS-STV

AUGUSTINA FRAZIER,

Plaintiff,

v.

UNIVERSITY OF COLORADO HOSPITAL AUTHORITY,

Defendant.

---

**ORDER**

---

Before the Court is Plaintiff's Objection to the Recommendation of the United States Magistrate Judge. ECF No. 57. For the following reasons, the Court OVERRULES the Objection, AFFIRMS and ADOPTS the Recommendation, ECF No. 54, and GRANTS Defendant's Motion to Dismiss, ECF No. 32. In doing so, the Court presumes familiarity with this case's factual and procedural background, as well as the legal standard governing the Court's analysis. *See, e.g.,* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72.

## I. SUMMARY FOR *PRO SE* PLAINTIFF

You filed this lawsuit on November 17, 2025. That was over 90 days after the EEOC issued its right-to-sue letter to you. For this reason, the magistrate judge recommended dismissing your federal claims with prejudice.

You disagree with the magistrate judge's recommendation, arguing that the Court cannot infer that you had knowledge of the letter on July 30, 2025. However, evidence—whose authenticity you do not dispute—shows that the right-to-sue letter was delivered to and received by you on July 30, 2025. Thus, the Court agrees with the magistrate judge that your federal claims are time-barred. Accordingly, the Court declines to exercise jurisdiction over the claims you bring under state law, given that this lawsuit is brought in federal court and the Court dismisses your federal claims from this lawsuit.

## II. ANALYSIS

Plaintiff's objection is reducible to a core contention: She did not have knowledge of the EEOC's right-to-sue letter until after July 30, 2025, the date that such letter was issued and delivered to the EEOC portal. *See, e.g.,* ECF No. 55 at 4; *id.* at 5 ("Plaintiff does not dispute the authenticity of Defendant's electronic records or deny that the downloads occurred. Her objection concerns the inference drawn from that evidence**.**" (emphasis removed)); *id.* at 6 ("Plaintiff has no independent recollection of the downloads . . . . The relevant distinction is between proof that a download occurred and proof of the mental state accompanying that event." (citation modified)); *id.* at 9. The magistrate judge observed that the EEOC activity log shows that the right-to-sue letter was issued on that July 30, 2025, and that Plaintiff downloaded the right-to-sue letter that day. ECF No. 54 at 12. Notably, and as indicated above, Plaintiff represents that she "does not dispute the authenticity of Defendant's electronic records or ask the Court to disregard them" in her Objection. ECF No. 55 at 1. *See also id.* at 5.

The Court agrees with the magistrate judge and Defendants that against this case's factual background—and in light of Plaintiff's representations in her Objection—her federal Title VII claims are time-barred because she did not file suit within 90 days of July 30, 2025, which as the magistrate judge thoroughly explained she was required to do. *See* ECF No. 54 at 9 (explaining that "a complainant has ninety days in which to file suit after receipt of an EEOC right-to-sue letter" and collecting authority in support of explanation); ECF No. 57 at 2. And Defendant correctly argues that Plaintiff's "state of mind" is irrelevant and does not show that the magistrate judge erred in recommending dismissal, given that the Court's analysis focuses on the date the right-to-sue letter was received and downloaded by Plaintiff. *Id.* at 3; *Pinnock v. Teletech Gov't Sols., LLC*, No. 25–1285, 2026 WL 1970544, at *3 (10th Cir. July 8, 2026) (unpublished) ("[T]he 90-day filing period commences upon receipt of the email in the plaintiff's inbox, regardless of when the recipient opens and reviews the email." (citation modified)). Particularly where, as Defendant observes, Plaintiff has cited no authority to the contrary. ECF No. 57 at 3 ("Plaintiff does not provide any case law or argument regarding why her inability to remember downloading the NRTS means that any conclusion reached in the Recommendation is clearly erroneous or contrary to law.").[1]

[1] To the extent that Plaintiff marshals any legal authority, it is *Jackson v. Cont'l Cargo-Denver*, 183 F.3d 1186 (10th Cir. 1999), in support of the proposition that "governing Tenth Circuit authority provides that the ninety-day period begins upon actual receipt of the right-to-sue notice." ECF No. 55 at 8. *See also Jackson*, 183 F.3d at 1189 ("As these prior cases indicate, we are persuaded that starting the limitation period upon actual receipt of the right-to-sue letter is the view most in keeping with the language and purpose of the statute." (citation modified)). But *Jackson* is entirely consistent with *Pinnock*, which held that the "90-day filing period commences upon *receipt* of the email in the plaintiff's inbox, regardless of when the recipient opens and reviews the email." 20206 WL 1970544, at *3 (citation modified). As such, *Jackson* does not support Plaintiff's argument that the magistrate judge erred in recommending dismissal.

Accordingly, even construing Plaintiff's Objection liberally, Plaintiff identifies no error in the magistrate judge's Recommendation that justifies reversal. Fundamentally, the Recommendation is neither contrary to law, nor is it the result of any clear error. The Court further agrees with the magistrate judge that dismissal with prejudice of the federal claims is proper, given that Plaintiff failed to file this lawsuit within 90 days of July 30, 2025. *See, e.g., Pinnock*, 2026 WL 1970544, at *4–5 (affirming dismissal with prejudice of the plaintiff's claims where plaintiff failed to file lawsuit within 90 days of receiving right-to-sue letter).

* * *

Consistent with the above analysis, Plaintiff's Objection, ECF No. 55, is OVERRULED. The Recommendation, ECF No. 54, is AFFIRMED and ADOPTED as an order of this Court. Defendant's Motion to Dismiss, ECF No. 32, is GRANTED. Plaintiff's federal claims are DISMISSED WITH PREJUDICE. Because the Court dismisses Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Thus, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's state law claims.[2]

[2] While Plaintiff briefly objects to the magistrate judge's recommendation that the Court should decline to exercise supplemental jurisdiction over her state law claims, *see* ECF No. 55 at 10, she fails to persuade for two reasons. First, the magistrate judge properly recommended dismissal of the federal claims. Second, governing case law instructs that—especially at this early stage of litigation—the Court should decline to exercise supplemental jurisdiction over state law claims where the federal claim has been dismissed. *See, e.g., Horocofsky v. City of Lawrence, Kansas*, 183 F.4th 1227, 1248 (10th Cir. 2026) ("The district court ordinarily should [decline] to exercise its supplemental jurisdiction over the state-law claims." (citation modified)); *Reyes v. Fowlks*, No. 22–4028, 2023 WL 4486155, at *4 (10th Cir. July 12, 2023) ("A district court may, and usually should, decline to exercise supplemental jurisdiction over any state-law claims if the district court has dismissed all claims over which it has original jurisdiction." (citation modified)); *AH Aero Servs., LLC v. Heber City*, 601 F. Supp. 3d 1157, 1203 (D. Utah 2022) (dismissing claims "without prejudice" after "declin[ing] to exercise supplemental jurisdiction over [them]").

DATED this 2nd day of November 2026.

BY THE COURT:

________________________________
Charlotte N. Sweeney
United States District Judge